# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FILOGONIO RAMIREZ-CONTRETRAS,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 2:25-cv-02218-RFB-EJY<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Pending before the Court is Petitioner Filogonio Ramirez-Contretras's motion for preliminary injunctive relief (ECF No. 6), challenging the lawfulness of his detention at Nevada Southern Detention Center (NSDC) in the custody of the Federal Respondents. For the following reasons, the Court grants the Motion.

On October 28, 2025, an Immigration Judge (IJ) of the Las Vegas Immigration Court denied Petitioner bond solely on the basis that the court lacked jurisdiction under Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). ECF No. 13-1. This followed Petitioner's arrest pursuant to an administrative warrant issued under § 1226 on September 23, 2025. He was taken into ICE custody, detained at NSDC, and charged as removable under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). Id.

Petitioner is a native and citizen of Mexico who last entered the United States without inspection in or around 2003 and has resided in the U.S. since. Prior to his detention, Petitioner had consistent work, paid his taxes, and otherwise provided for his family. He has no prior criminal history. The Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-term U.S. residents arrested in the interior and detained without the opportunity for release on bond, were detained in violation of the INA and due process. 2025 WL 3205356, at *10-26 (D

1  Nev. Nov. 17, 2025). The Court incorporates by reference and adopts those same legal conclusions
2  and findings here.
3  　　　As an initial matter, the Court has habeas jurisdiction to review Petitioner's challenge to
4  the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA,
5  8 U.S.C. § 1252 do not apply. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez
6  Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (Nov. 19, 2025).
7  　　　The Court also fully incorporates by reference its prior finding that administrative
8  exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem,
9  No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).
10  　　　The Court finds that Petitioner has satisfied the Winter factors and is therefore entitled to
11  a preliminary injunction ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). Winter v. Natural
12  Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To
13  obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success
14  on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary
15  relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an
16  injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir.
17  2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).
18  　　　The Court finds Petitioner has established a likelihood of success on the merits of his
19  statutory and due process challenges to his continued detention for the same reasons set forth in
20  Escobar Salgado regarding Petitioners Reyes-López and Mena-Vargas. First, in regard to the INA
21  challenge, Respondents assert that § 1225(b)(2) applies to Petitioner and mandates his detention
22  without a bond hearing, Petitioner argues Respondents' interpretation of the statutory scheme of
23  §§ 1225 and 1226 is erroneous, and that he, as a long-time resident arrested in the interior, is
24  subject to § 1226(a). This Court agrees with Petitioner and incorporates by reference its holding
25  and findings in Escobar Salgado. 2025 WL 3205356, at *10-22. Further, the Court finds Petitioner
26  has established a likelihood of success on the merits of his procedural and substantive due process
27  challenges to his prolonged detention without an individualized bond hearing. The procedural due
28  process factors under Mathews v. Eldridge weigh heavily in favor of Petitioner because (1) the

private interest affected is the fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioner without any individualized showing of why his detention is warranted, nor any process for Petitioner to challenge the exercise of that discretion; (3) the Government's interest in enforcing immigration laws is served by an individualized determination by an immigration judge, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Additionally, it follows inexorably from the Court's determination that Petitioner will continue to be deprived of his physical liberty unconstitutionally in the absence of an injunction that Petitioner has met his burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government by adhering to an established bond hearing process, as compared to the preventable human suffering, *e.g.*, financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of arbitrary detention without meaningful due process, demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioner's Motion for a Preliminary Injunction is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **December 12, 2025**.

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

In the event that bond is granted, Respondents are **ORDERED** to <u>immediately release</u> Petitioner. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and therefore, the Court **FURTHER ORDERS** that Petitioner be afforded **45 days** from the date of release to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by **December 12, 2025**, Petitioner shall be immediately released until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing by **December 15, 2025**. The status report shall detail if and when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS FURTHER ORDERED** that on or before **December 19, 2025**, the parties shall file a stipulated proposed scheduling order for full briefing on the merits of the Petition.

A full written order on the Amended Petition (ECF No. 5) will follow.

**DATED:** December 8, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**